1 | ALEX G. TSE (CABN 152348)
United States Attorney
2
3 | THOMAS MOORE (ALBN 4305-O78T)
Assistant United States Attorney
4 | Tax Division
5 |     450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
6 |     Telephone: (415) 436-7017
    FAX: (415) 436-7009
7 |     Tom.moore@usdoj.gov
8
Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. |
|---|---|
| Plaintiff, | COMPLAINT FOR PERMANENT INJUNCTION |
| v. | |
| PG BOYS, INC. and DAVID WASSON, | |
| Defendants. | |

COMES NOW the United States of America, by and through its undersigned counsel, and complains and alleges as follows:

PRELIMINARY STATEMENT

1. This is a civil action brought by the United States of America to permanently enjoin defendant David Wasson and PG Boys, Inc. (PG Boys) and any other party working in concert with them, from

(a) failing to withhold federal taxes from employee wages;

(b) failing to file timely quarterly federal employment tax returns (Form 941), annual federal unemployment tax returns (Form 940), and annual federal corporate income tax (Form 1120) with the Internal Revenue Service ("IRS);

(c) failure to timely make federal employment, federal income tax withholding, unemployment tax, and corporate tax deposits to a federal depository bank;

(d) failure to timely make federal employment, unemployment, and corporate income tax payments to the IRS;

(e) assigning any property or making any disbursements to, or for the benefit of, David Wasson until all required taxes that accrue after the injunction date are paid to the U.S. Treasury;

(f) failing to notify the IRS of PG Boys' future employment tax conduct; and

(g) failing to provide proof to the IRS of Defendants' compliance with the injunction.

2.  While PG Boys has made payments to David Wasson, PG Boys has for a number of years failed to keep current with various outstanding federal tax obligations, including failing to payover to the IRS withheld federal taxes from employee wages, failing to make timely federal employment tax and income tax deposits and continually failing to timely make federal employment tax and income payments to the IRS, as described in further detail below, the balance of which presently exceeds $968,173.35.

3.  A recurring problem for PG Boys is that it has repeatedly failed to stay current with its federal employment tax withholding deposits, and thus the United States seeks injunctive relief to enjoin Defendants from further failing to comply with PG Boys' federal tax obligations.

## JURISDICTION AND VENUE

4.  This action is brought pursuant to 26 U.S.C. §7401 at the direction of the Attorney General of the United States and at the request and with the authorization of the Division Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

5.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. § 7402(a).

6.  Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) and 1396 because PG Boys is located and conducts business within this judicial district, David Wasson resides within this judicial district, and the events giving rise to this action took place in this district.

## INTRADISTRICT ASSIGNMENT

7.  A substantial part of the events that gave rise to this action occurred in Marina,

California, further defendant PG Boys is domiciled in Marina, and defendant David Wasson resides in Salinas, California.

IDENTIFICATION OF DEFENDANTS

8. PG Boys is a corporation with its principal place of business in Marina, California.

9. David Wasson, who resides in Salinas, California, is the agent for service of process, sole shareholder and Chief Executive Officer of PG Boys.

DEFENDANTS' OBLIGATIONS UNDER THE INTERNAL REVENUE CODE

10. Pursuant to 26 U.S.C. §§3102 and 3402, employers are required to withhold federal income taxes and Federal Insurance Contributions Act ("FICA") taxes from their employees as and when wages are paid. Under 26 U.S.C. §7501, employers are to hold these withheld taxes in trust for the United States.

11. Pursuant to 26 U.S.C §6302 and Treasury Regulations (26 C.F.R.) promulgated thereunder, employers are generally required to deposit with an authorized government depository the withheld income taxes and FICA taxes either monthly or semi- weekly.

12. Pursuant to 26 U.S.C. §§3111 and 3301, employers are required to pay their own FICA and Federal Unemployment Tax Act ("FUTA") taxes.

13. Pursuant to 26 U.S.C. §§6011 and 6071 and 26 C.F.R. §31.6071(a)-1, employers are required to file (a) Employers' Quarterly Federal Tax Returns ("Form 941") quarterly to report the income and FICA taxes withheld from their employees' wages and their own FICA taxes and (b) Employer's Annual Federal Unemployment Tax returns ("Form 940") annually to report their FUTA taxes. Employers are required to hold these withheld taxes in trust for the United States, *see* I.R.C. § 7501.

14. Pursuant to 26 U.S.C. § 6151 and 26 C.F.R. § 55.6151-1, employers are required to pay any taxes due on their Form 941, Form 940, and Form 1120 without assessment or notice, or demand from the IRS, and to pay them no later than the time they are required to file the tax returns.

15. In addition to the employment-tax related requirements (Form 941, withholding, federal tax deposits, FICA payments), PG Boys must also file an annual return (Form 1120, U.S. Corporation Income Tax Return) under I.R.C. §6612(a)(2), pay the tax due under I.R.C. § 6151 and to make

estimated tax payments as required by I.R.C. §6651(b)(2) and 26 C.F.R. § 1.6302-1(a).

DEFENDANTS' CONDUCT

16. During the periods described below, PG Boys employed individuals in the Marina, California area. Each of PG Boys' employees receive the benefit and credit of federal income tax withholding when they file their individual income tax returns and credit for having paid FICA taxes (Social Security and Medicare), even though PG Boys has failed to deposit hundreds of thousands of dollars of required withholding to the United States, as detailed below in paragraph nineteen (19).

17. Since at least 2008, the IRS has attempted to collect from the defendant delinquent employment and unemployment taxes.  From that time, the defendant, PG Boys, has failed or refused to pay, in whole or in part, employment, unemployment, and income  taxes, including Form 941, Form 940, and Form 1120 taxes.

18. As part of its collection efforts, on August 8, 2017, the IRS mailed Letter 903 and Notice 931 to defendant PG Boys.  The Letter 903 and Notice 931 notice taxpayers of their obligations to make federal tax payments and file timely tax returns, including Form 941 and Form 940.  On May 18, 2010, and October 13, 2016, the IRS hand delivered to David Wasson Letter 1058-Final Notice of Intent to Levy each of which was addressed to PG Boys.  On November 29, 2016, the IRS mailed another Letter 1058 to PG Boys and that letter was received by PG Boys on December 1, 2016.

19. Because PG Boys failed to pay its Forms 941, Forms 940, and Forms 1120 taxes, a duly authorized delegate of the Secretary of the Treasury made assessments against and sent notice of demand for payments to PG Boys for FICA taxes, FUTA taxes, and income taxes, penalties, interest and other statutory additions for the time periods listed below. The total tax liability due and owing on these liabilities as of October 17, 2017, is $968,173.35.

| Tax Period | Type of Tax | Assessment Date | Unpaid Assessed Balance and Accruals As of 10/17/2017 |
|---|---|---|---|
| 06/30/2008 | FICA | 09/15/08 | $12,940.48 |
| 09/30/2008 | FICA | 01/12/09 | $62,799.79 |
| 12/31/2008 | FICA | 04/06/09 | $29,794.49 |

Complaint For Permanent Injunction                4

| Tax Period Ending | Type of Tax | Assessment Date | Unpaid Assessed Balance and Accruals As of 10/17/2017 |
|---|---|---|---|
| 03/31/2009 | FICA | 07/06/09 | $67,193.85 |
| 06/30/2009 | FICA | 11/23/09 | $67,428.44 |
| 09/30/2009 | FICA | 03/01/10 | $68,135.19 |
| 12/31/2009 | FICA | 04/26/10 | $61,129.30 |
| 03/31/2010 | FICA | 06/28/10 | $31,384.80 |
| 06/30/2010 | FICA | 09/20/10 | $18,024.70 |
| 09/30/2010 | FICA | 01/03/11 | $29,560.91 |
| 12/31/2010 | FICA | 04/04/11 | $30,588.05 |
| 03/31/2011 | FICA | 07/04/11 | $39,454.12 |
| 06/30/2011 | FICA | 01/30/12 | $48,257.39 |
| 09/30/2011 | FICA | 01/30/12 | $39,134.60 |
| 12/31/2011 | FICA | 03/26/12 | $38,967.42 |
| 03/31/2012 | FICA | 07/02/12 | $36,401.67 |
| 09/30/2012 | FICA | 12/31/12 | $26,796.29 |
| 12/31/2012 | FICA | 04/08/13 | $17,827.98 |
| 03/31/2013 | FICA | 07/01/13 | $20,829.62 |
| 06/30/2013 | FICA | 09/23/13 | $15,636.84 |
| 09/30/2013 | FICA | 03/31/14 | $16,136.57 |
| 12/31/2013 | FICA | 03/31/14 | $13,795.35 |
| 03/31/2014 | FICA | 06/30/14 | $12,791.71 |
| 06/30/2014 | FICA | 09/15/14 | $ 8,435.17 |
| 09/30/2014 | FICA | 12/29/14 | $ 8,952.08 |
| 12/31/2014 | FICA | 04/20/15 | $10,156.13 |
| 03/31/2015 | FICA | 06/29/15 | $10,316.96 |

| Tax Period Ending | Type of Tax | Assessment Date | Unpaid Assessed Balance and Accruals As of 10/17/2017 |
|---|---|---|---|
| 06/30/2015 | FICA | 10/05/15 | $10,644.85 |
| 09/30/2015 | FICA | 01/04/16 | $ 9,603.37 |
| 12/31/2015 | FICA | 04/18/16 | $ 8,332.43 |
| 03/31/2016 | FICA | 07/11/16 | $ 6,721.82 |
| 06/30/2016 | FICA | 10/03/16 | $ 3,727.23 |
| 09/30/2016 | FICA | 01/09/17 | $ 2,725.50 |
| 12/31/2016 | FICA | 04/10/17 | $ 2,222.14 |
| 03/31/2017 | FICA | 07/03/17 | $   644.36 |
| 12/31/2008 | INCOME-1120 | 01/31/11 | $ 2,800.11 |
| 12/31/2009 | INCOME-1120 | 08/15/11 | $ 2,181.55 |
| 12/31/2010 | INCOME-1120 | 02/20/12 | $ 1,175.06 |
| 12/31/2011 | INCOME-1120 | 06/02/14 | $ 2,633.74 |
| 12/31/2013 | INCOME-1120 | 12/07/15 | $ 2,516.69 |
| 12/31/2014 | INCOME-1120 | 08/17/15 | $   846.66 |
| 12/31/2009 | FUTA | 03/29/10 | $10,527.11 |
| 12/31/2010 | FUTA | 03/29/10 | $ 1,451.41 |
| 12/31/2011 | FUTA | 03/21/11 | $11,517.31 |
| 12/31/2012 | FUTA | 04/23/12 | $   779.84 |
| 12/31/2013 | FUTA | 05/13/13 | $ 5,124.63 |
| 12/31/2014 | FUTA | 04/21/14 | $   932.80 |
| 12/31/2016 | FUTA | 05/11/15 | $ 1,021.14 |

## DEFENDANTS SHOULD BE ENJOINED FROM INTERFERING WITH THE ADMINISTRATION OF THE INTERNAL REVENUE LAWS

20.  The United States incorporates by reference the allegations contained in paragraphs 1 through 19, above, as if fully set forth herein.

21. This action is brought under Section 7402(a) of the Internal Revenue Code, 26 U.S.C., which authorizes a district court of the United States to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws," even when the United States has other remedies available for enforcement of those laws. The injunction remedy is in addition to and not exclusive of other remedies available to the United States. To obtain injunctive relief under Section 7402(a), the United States need only satisfy the requirements thereunder.

22. Suits for injunctions are appropriate against employers and their responsible officers who have a history of pyramiding federal trust fund taxes and who continue to do so despite the Service's enforcement efforts. *See United States v. Chul Goo Park, et al.*, 2016 U.S. Dist. LEXIS 102902 (N. D. Cal., July 8, 2016) (Davila, J.); *Fifty Below Sales & Marketing, Inc. v. United States*, 2006-1 USTC ¶ 50,345, 2007 WL 1228890 (D. Minn. May 5, 2006), permanent injunction granted, 2007-2 USTC ¶ 50,793, 2007 WL 3313146 (D. Minn. Nov. 5, 2007); *United States v. Molen*, 93 A.F.T.R. 2d 2004-301, 2003 WL 2319060 (E.D. Cal. Dec. 12, 2003); *Thompson v. United States*, 93 A.F.T.R. 2d 2004-715, 2003 WL 23309468 (E.D. Cal. 2003); *United States v. Lopez*, 88 A.F.T.R. 2d 2001-5131, 2001 WL 846497 (S.D. Cal. 2001).

23. PG Boys is substantially interfering with the internal revenue laws by failing to pay its employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402 Regulation (26 C.F.R.) § 31.6071(a)-1. An injunction is appropriate and necessary to prevent continued violations.

24. The United States lacks an adequate legal remedy to prevent additional pyramiding and will suffer irreparable harm as a result of a continued pattern of non-compliance with the internal revenue laws. To date, the IRS has been unable to collect the outstanding liabilities from the defendant PG Boys, or its responsible officer.

25. The harm suffered by the United States as a result of continuing pyramiding outweighs any harm to PG Boys by forcing it to pay its employment tax obligations and to secure its future compliance with its employment tax and income tax obligations.

26. An injunction in this case would serve the public interest. The efficacy of the federal tax system relies on employers to collect and remit income and FICA taxes paid by its employees, FUTA taxes, and income taxes, and PG Boys' pyramiding undermines this vital cog in our system of tax

collection. Additionally, by using the tax money for its own business and operating expenses, PG Boys receives an involuntary subsidy from United States taxpayers, and an unfair competitive advantage over its competitors who comply with the tax laws.

27. In the absence of an injunction backed by the Court's contempt powers, PG Boys is likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding its taxes to the detriment of the United States.

WHEREFORE, plaintiff the United States of America, respectfully requests the Court:

A. Find that Defendants have engaged, and continue to engage, in conduct interfering with the enforcement of the internal revenue laws,

B. Find that injunctive relief under I.R.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop the conduct described herein by Defendants;

C. Enter a permanent injunction pursuant to I.R.C. § 7402:

1. Prohibiting Defendants, individually and doing business under any other name or using any other non-PG Boys entity, and their representatives, partners, agents, servants, employees, attorneys, and anyone in active concert or participation with them, from failing to pay over to the IRS all future employment taxes, including federal income tax withholding, FICA taxes, FUTA taxes, and income taxes required by law;

2. Requiring PG Boys to timely file all future employment tax and income tax returns with the IRS, or at such other location as the IRS may deem appropriate;

3. Requiring PG Boys to deposit all future withheld FICA taxes, as well as PG Boys' share of FICA taxes, and income taxes in an appropriate federal depository bank in accordance with the federal deposit regulations;

4. Requiring PG Boys and those individuals at PG Boys responsible for carrying out the duties established under paragraphs (2) and (3), for a period of five years, to sign and deliver affidavits to the Revenue Officer, or such other location as the IRS may deem appropriate, on the 1st day of each month, stating that the requisite withheld income, FICA taxes and income tax deposits were timely made;

5. Requiring PG Boys to timely pay all required liabilities due on each return

required to be filed herein;

6. Prohibiting PG Boys and David Wasson from assigning any PG Boys property or making any disbursements to, or for the benefit of, defendant David Wasson until income taxes required to be paid and amounts required to be withheld from wages after the date of this injunction for a given payroll period are, in fact, paid to the IRS, for a period of five years;

7. Prohibiting PG Boys, David Wasson, and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, for a period of five years, in the event all required outstanding liabilities due on each employment tax return required to be filed going forward from the date of the injunction are not timely paid, from assigning any of PG Boys' property or rights to property or making any disbursements from PG Boys' assets before paying the delinquent federal employment taxes and federal income tax withholding due for a given payroll period; and

8. Require Defendants to deliver to all of PG Boys' current employees, current board members, and any former employees employed at any time since January 1, 2018, a copy of the Court's findings and permanent injunction;

9. Require Defendants to post and keep posted for five years in one or more conspicuous places on the PG Boys business premises where notices to employees are customarily posted, a copy of this Court's findings and permanent injunction;

10. Require for a period of five years that PG Boys and David Wasson, provide detailed monthly statements of all financial accounts of PG Boys;

11. Require for a period of five years that Defendants notify the IRS within ten (10) days of any new corporation or company David Wasson, may come to own, manage, or work for as an officer or employee; and

12. Require for a period of five years that Defendants notify the IRS within ten (10) days if PG Boys assumes a new name or transfers its employees or business operations to another entity;

D. Retain jurisdiction over this case to ensure compliance with this injunction;

E. Authorize the United States to take post-judgment discovery to ensure compliance with the requested injunction;

1  F. Grant any further relief, including costs, which this Court deems just and appropriate.

Respectfully submitted,

ALEX G. TSE
United States Attorney


_____/s/_____
THOMAS MOORE
Assistant United States Attorney
Tax Division

Complaint For Permanent Injunction            10

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1　U.S. Government Plaintiff　　3　Federal Question
　　　　　　　　　　　　　　　　　*(U.S. Government Not a Party)*

2　U.S. Government Defendant　4　Diversity
　　　　　　　　　　　　　　　　　*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent─Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury -Medical Malpractice | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 240 Torts to Land | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 448 Education | 540 Mandamus & Other | | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

1　Original Proceeding　　2　Removed from State Court　　3　Remanded from Appellate Court　　4　Reinstated or Reopened　　5　Transferred from Another District *(specify)*　　6　Multidistrict Litigation–Transfer　　8　Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.　　**DEMAND $**　　CHECK YES only if demanded in complaint:
**JURY DEMAND:**　　Yes　　No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE　　　　　　　　　　　DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*　　**SAN FRANCISCO/OAKLAND**　　**SAN JOSE**　　**EUREKA-MCKINLEYVILLE**

**DATE**　　　　**SIGNATURE OF ATTORNEY OF RECORD**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

(1) United States plaintiff. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

(2) United States defendant. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

(3) Federal question. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

(4) Diversity of citizenship. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.

(1) Original Proceedings. Cases originating in the United States district courts.

(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

(3) Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) Transferred from Another District. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

(6) Multidistrict Litigation Transfer. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

(8) Multidistrict Litigation Direct File. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX. **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.